IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NOS. WR-75,903-01 AND WR-75,903-02






EX PARTE LARRY DALE PATTY, Applicant






ON APPLICATIONS FOR WRITS OF HABEAS CORPUS

CAUSE NOS. 33,185-B AND 32,633-B 

IN THE 124TH JUDICIAL DISTRICT COURT

FROM GREGG COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to two charges of
assault with family violence, and was sentenced to consecutive sentences of four years' and six
years' imprisonment. 

 In these applications, Applicant alleges that he has been denied due process and equal
protection because of an error in TDCJ's calculation of his sentences. When Applicant was received
at TDCJ under the six-year sentence, the judgment in that case indicated that the sentence was to run
consecutively with another sentence. However, TDCJ did not receive a copy of the judgment in the
other case, and did not pursue the matter. Therefore, Applicant's six-year sentence was recorded by
TDCJ as his only sentence. During an audit of Applicant's time credits, it was discovered that
Applicant had another four-year sentence upon which the six-year sentence was stacked. Applicant
had already discharged the four-year sentence in flat time when the error was discovered. 
Applicant's records were corrected to reflect new start and discharge dates for Applicant's
consecutive sentences, and a new projected release date for the six-year sentence. 

 On, May 18, 2011, the trial court made findings of fact and conclusions of law. The trial
court recommended that relief be granted in that the good time that had accrued during the period
when the records reflected that Applicant was serving a single six-year sentence should be credited
against Applicant's four-year sentence, which should be retroactively determined to have ceased to
operate on a date when Applicant would have been eligible for mandatory supervision on a four-year
sentence with the good conduct history he established during the first four years he served. The trial
court recommended that the Board of Pardons and Paroles be ordered to recalculate the date upon
which Applicant would have been eligible on mandatory supervision on the four-year sentence, and
use that date as the date the sentence ceased to operate and the six-year sentence began.

 An inmate serving consecutive sentences is not eligible for mandatory supervision on any
but the last of his consecutive sentences. Ex parte Ruthart, 980 S.W.2d 469, 473 (Tex. Crim. App.
1998). Therefore, if Applicant's records had correctly reflected his consecutive four-year and six-year sentences, he would not have been eligible for mandatory supervision on the four-year sentence. 
The four-year sentence would have ceased to operate only when Applicant was approved for parole
or had discharged the four-year sentence in flat time.

 According to an affidavit provided by TDCJ, Applicant's four-year sentence was discharged
in flat time on January 29, 2009. His six-year sentence has been re-calculated to have a sentence
begin date of January 29, 2009, with 143 days of pre-sentencing jail time credits, and a maximum
discharge date of September 8, 2014. Applicant's projected release date to mandatory supervision
was also adjusted to reflect the correction in his sentence calculations. 

 This Court has undertaken an independent review of all the evidence in the record. Based
on the trial court's findings of fact and conclusions of law as well as this Court's independent review
of the entire record, we deny relief in Applicant's first application, and dismiss his second
application because he has discharged his sentence in that case.



Filed: September 14, 2011

Do not publish